UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA

| JOHN HARTSOE, | Case No. 9:18-CV-00149-RHW |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| STEVE BULLOCK, FRED SIMPSON, DANA L. CHRISTENSEN, JEREMIAH C. LYNCH, DON BELL, KIMBERLY MORE, and J. ANDREW PERSON, | |
| Defendants. | |



**FILED**

JAN 18 2019

Clerk, U.S District Court
District Of Montana
Missoula

Before the Court are motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) filed by Defendants Steve Bullock, Fred Simpson, Dana L. Christensen, Jeremiah C. Lynch, Don Bell, Kimberly More, and J. Andrew Person. ECF Nos. 4, 8, 10, 13, 22, 36. For the reasons discussed, the Court grants the motions.

Also before the Court are Hartsoe's: (1) motion to vacate a 2011 state court order; (2) motion to call a federal grand jury; (3) motion to declare defendants co-conspirators; (4) request for a criminal complaint to be filed against the defendants; and (5) request for an evidentiary hearing related to his allegations of violations of his rights during his 2008 criminal and civil cases. ECF Nos. 24, 33, 35. For the reasons discussed below, these motions and requests are denied.

**ORDER * 1**

## I. Background

Plaintiff John Hartsoe, appearing pro se, commenced this action against private individuals, state and local governmental employees, and judicial officers for alleged violations of his rights which purportedly occurred during the course of criminal proceedings instituted against him in state court in 2008. He also alleges Defendants are liable for violations of his rights in relation to civil litigation stemming from marital dissolution proceedings between he and Donna Heisel.

The majority of Hartsoe's claims appear to allege specific Defendants, while acting under color of state law, violated his rights protected under the United States Constitution. Thus, Hartsoe purports to advance federal claims which, if viable, would invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331. To the extent any of Hartsoe's claims are asserted under the laws of the State of Montana, the Court possesses supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

This civil action constitutes yet another installment in a successive series of lawsuits Hartsoe has filed against many others in state and federal courts for conduct related to the same 2008 civil and criminal proceedings against Hartsoe.

Defendants Dana L. Christensen and Jeremiah C. Lynch move for dismissal on the grounds of judicial immunity. Defendants Fred Simpson, Kimberly More, and J. Andrew Person move for dismissal on the grounds of lack of subject matter jurisdiction. Defendants Fred Simpson, Don Bell, Kimberly More, Steve Bullock, Dana L. Christensen and Jeremiah C. Lynch move for dismissal on the grounds of failure to state a claim.

## II. Applicable Law

### A. Judicial Immunity

Judges are "absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The doctrine of judicial immunity provides an

ORDER * 2

immunity from suit, not just from an assessment of damages. *Mireles*, 502 U.S. at 11.

Judges are entitled to immunity "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). The necessary inquiry is whether the judge had jurisdiction over the subject matter of the action pending before the judge. *Sparkman*, 435 U.S. at 356. Judicial immunity is broadly construed, and a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Sparkman*, 435 U.S. at 356-57 (quoting *Bradley*, 80 U.S. at 351). Even "grave procedural errors" do not deprive a judge of immunity. *Ashelman v. Page*, 793 F.2d 1072, 1077 (9th Cir. 1986) (citing *Sparkman*, 435 U.S. at 359)).

Consequently, exceptions to judicial immunity are recognized only in two limited situations: (1) where the judge's actions were not taken in the judge's judicial capacity (*Mireles*, 502 U.S. at 11 ("nonjudicial actions")), and (2) where the judge has acted "in the 'clear absence of all jurisdiction[.]'" *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Sparkman*, 435 U.S. at 356-57 and *Bradley*, 80 U.S. at 351). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction[,]" as distinguished from acts committed merely in excess of jurisdiction. *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008) (citations omitted). Where "jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case[.]" *Sparkman*, 435 U.S. at 356 n.6 (quoting *Bradley*, 80 U.S. at 351-52).

\\

ORDER * 3

### B. Jurisdiction – Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Fed. R. Civ. P.12(b)(1), is the procedural rule for challenging the existence of a court's jurisdiction. A defendant may pursue a Rule 12(b)(1) motion either as a facial challenge to the jurisdictional allegations of a pleading, or as a substantive challenge to the facts underlying those allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge is one which contends the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Therefore, in addressing a facial challenge the court must assume the allegations in the complaint are true, and it "must draw all reasonable inferences in [plaintiff's] favor." *Id. See also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

The plaintiff bears the burden of proving the existence of jurisdiction in response to a challenge under Rule 12(b)(1). *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

### C. Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual

ORDER * 4

allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

As a general rule "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). However, a court may take judicial notice of "matters of public record." *Id.* at 688-89. Specifically, a court may take judicial notice of other state or federal court proceedings. *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). *See also Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (allowing judicial notice of pleadings in other cases).

### D. Pro Se Pleadings

Because Hartsoe is proceeding pro se the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Nonetheless, pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### III. Discussion

### A. Judicial Immunity

Defendant Christensen is a United States District Court Judge and Defendant Lynch is a United States District Court Magistrate Judge. Hartsoe appears to take issue with the legal rulings issued by Magistrate Judge Lynch and Judge Christensen in previous cases that resulted in the dismissal of various complaints

ORDER * 5

filed by Hartsoe all related to the same 2008 civil and criminal proceedings against Hartsoe and the denial of a motion to vacate a 2011 state court order.

As stated previously, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman*, 793 F.2d at 1075. And "judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id.* (*quoting Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). Absolute immunity is only lost where the judge "acts in 'clear absence of all jurisdiction,' *Bradley*, 80 U.S. (13 Wall) at 351, or performs an act that is not 'judicial' in nature." *Ashelman*, 793 F.2d at 1075 (*citing Sparkman*, 435 U.S. at 360). In determining whether an act is judicial, a court examines whether the act under scrutiny is one normally performed by a judge and the parties dealt with the judge in his official capacity. *Ashelman*, 793 F.2d at 1075 (*citing Sparkman*, 435 U.S. at 362).

Hartsoe does not allege that Defendants Christensen or Lynch acted in the clear absence of all jurisdiction. Nor does he allege that Defendants Christensen or Lynch were not performing a judicial act. Even liberally construed, Hartsoe's allegations do not invoke the exceptions to the doctrine of judicial immunity. Defendants Christensen or Lynch are clearly entitled to absolute judicial immunity. The allegations against these judges are clearly within their official duties. Thus, they are entitled to judicial immunity and Hartsoe's complaints against them shall be dismissed.

### B. Failure to State a Claim

The remainder of Mr. Hartsoe's claims involve allegations that the named Defendants failed to properly act as Hartsoe would have liked them to when they have become aware of Hartsoe's complaints regarding his perceived violations of rights in his 2008 state criminal and civil cases.

42 U.S.C. § 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) the deprivation of a federal constitutional or statutory right; and (2) "that the deprivation was committed by a person acting under the color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Section 1983 does not reach "merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "The United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Montana. Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original) (citing cases). Action by a private individual may be treated as action by the government only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Towers Tenants Org. v. Federated Mortgage Investors*, 504 F.2d 483, 487 (9th Cir. 1974). "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with [a] judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). The same holds true for an attorney representing a private party. *See Polk v. County of Dodson*, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel).

Additionally, the statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to

ORDER * 7

the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Hartsoe is clearly dissatisfied with the Defendants' responses to his various complaints regarding his perceived violations of rights in his 2008 state criminal and civil cases. That dissatisfaction alone does not constitute a constitutional claim, and Hartsoe has not alleged that Defendants violated any actual constitutional right. Notwithstanding the fact that some of the named Defendants are entitled to judicial immunity, holding every person liable for failing to investigate or otherwise act upon Hartsoe's complaints would attach section 1983 liability to post hoc conduct that bears no causal relationship to the alleged constitutional deprivations themselves. Defendants have not violated Hartsoe's constitutional rights, and thus, these claims fail to state a claim upon which relief may be granted. Furthermore, attorneys Fred Simpson, Kimberly More, and J. Andrew Person are not state actors and therefore cannot be subject to a section 1983 claim. *Polk*, 454 U.S. at 325. Hartsoe has failed to establish an actual connection or link between the actions of the Defendants and his alleged deprivation. *Monell*, 436 U.S. 658. Thus, the complaints against all Defendants shall be dismissed.

### C. Jurisdiction

Defendants Fred Simpson, Kimberly More, and J. Andrew Person move for dismissal on the grounds of lack of subject matter jurisdiction. As noted above, Hartsoe's allegations against these defendants consist of claims that they did not act as he would have them act when they became aware of his complaints, as well as vague allegations that they are corrupt attorneys and thieves.

Hartsoe has not sufficiently pleaded any allegations that would support a finding that the Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Hartsoe, Simpson, More, and Person are all residents of Montana; thus, there

ORDER * 8

is no diversity of citizenship. Additionally, Hartsoe has not sufficiently alleged a federal cause of action, or any cause of action for that matter, against these three defendants. Since the Court, as noted above, will dismiss all of Hartsoe's purported federal claims, the Court will also decline to exercise supplemental jurisdiction over any remaining claims pled under Montana law. *See* 28 U.S.C. § 1367(c)(3). Hartsoe's claims under Montana law, if any valid claim under Montana law exists, are matters of state and local concern, and should be resolved, in the first instance, by the courts of the State of Montana. As such, the complaints against Defendants Simpson, More, and Person shall also be dismissed for lack of subject matter jurisdiction.

**D. Leave to Amend**

Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Generally, leave to amend is freely granted, but the Court does not have to allow futile amendments. *Klamath-Lake Pharmaceutical Farm Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

Construing Hartsoe's allegations liberally, and accepting his allegations as true, his complaint fails to state a claim on which relief may be granted under 42 U.S.C. § 1983 against any of the Defendants and is properly dismissed. And any attempted amendment of the complaint would be futile. Therefore, leave to amend will not be granted.

**E. Hartsoe's Motions**

Hartsoe also filed: (1) a motion to vacate a 2011 state court order; (2) a motion to call a federal grand jury; (3) a motion to declare defendants co-

conspirators; (4) a request for a criminal complaint to be filed against the defendants; and (5) a request for an evidentiary hearing related to his allegations of violations of his rights during his 2008 state criminal and civil cases. ECF Nos. 24, 33, 35.

First, federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court after the state proceedings have ended, complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *Skinner v. Switzer*, 562 U.S. 521 (2011).[1] This Court does not have jurisdiction to hear an appeal of a decision issued by a Montana state district court and affirmed by the Montana Supreme Court. Hartsoe lost in state court in August 2011, long before the filing of this federal claim. He complains of injuries caused by the state court judgment and asks this Court to review and reject the judgment of the state court. This is something this Court cannot do. *See Exxon Mobil Corp.*, 544 U.S. at 284. Thus, Hartsoe's motion to vacate a 2011 state court order is denied.

Second, there is no authority for a federal district court to direct the presentation of a criminal matter before a grand jury. Nor does a private citizen have a judicially cognizable interest in the prosecution or non-prosecution of another. It is the executive branch, through the Attorney General and the United States Attorneys, that has the authority and broad discretion to enforce the Nation's criminal laws. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996). "The power to decide when to investigate, and when to prosecute, lies at the core of the Executive's duty to see to the faithful execution of the laws . . . ." *Cmty. for*

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

**ORDER * 10**

*Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986). Thus, Hartsoe's motion to call a federal grand jury is denied.

Third, Hartsoe requests this Court declare Defendants to be con-conspirators. However, there is no provision of law which allows this Court to grant such relief. Thus, Hartsoe's motion to declare Defendants co-conspirators is denied.

Fourth, Hartsoe requests a criminal complaint to be filed against the defendants. The Court does not have jurisdiction to initiate criminal proceedings; that authority lies solely with the United States Attorney under the supervision of the Attorney General. *See* 28 U.S.C. § 547. Nor do private citizens, such as Hartsoe, have the ability to initiate a federal criminal prosecution. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *United States v. Nixon*, 418 U.S. 683, 693 (1974); *See also*, *Keyter v. 535 Mbrs. of the 110th Cong.*, 277 Fed. Appx. 825 (10th Cir. 2008) (dismissing serial filer's request that criminal charges be brought against numerous government officials and declaring the plaintiff a vexatious litigant). Thus, Hartsoe's request for a criminal complaint to be filed against the defendants is denied.

Lastly, Hartsoe requests an evidentiary hearing related to his allegations of violations of his rights during his 2008 state criminal and civil cases. Hartsoe has failed to name a proper defendant, further failed to state a claim for relief, and there is no basis in the law to grant the relief requested. An evidentiary hearing is not warranted. Thus, this request is also denied.

**IV. Conclusion**

Hartsoe's complaint fails to state a claim for relief against Defendants Christensen and Lynch because, as explained, Christensen and Lynch are entitled to absolute judicial immunity with respect to the acts of which Hartsoe complains. Additionally, Hartsoe has not alleged that Defendants violated any constitutional

ORDER * 11

right and thus, these claims fail to state a claim upon which relief may be granted. *See* 42 U.S.C. § 1983. Likewise, attorneys Fred Simpson, Kimberly More, and J. Andrew Person were acting as private attorneys and not state actors and therefore cannot be subject to a section 1983 claim. *Id.* Hartsoe has failed to state a claim upon which relief may be granted. Furthermore, Hartsoe's claims under Montana law, if any valid claim under Montana law exists, are matters of state and local concern, and should be resolved, in the first instance, by the courts of the State of Montana. These are not defects which could be cured by the allegation of additional facts.

Additionally, Hartsoe fails to establish any legal basis for his: (1) motion to vacate a 2011 state court order; (2) motion to call a federal grand jury; (3) motion to declare defendants co-conspirators; (4) request for a criminal complaint to be filed against the defendants; and (5) request for an evidentiary hearing related to his allegations of violations of his rights during his 2008 state criminal and civil cases. ECF Nos. 24, 33, 35.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Motions to Dismiss, **ECF Nos. 4, 8, 10, 13, 22, 36**, are **GRANTED.**
2. Plaintiff's Complaint is **DISMISSED without leave to amend.**

///
///
///
///
///
///
///
///
///

ORDER * 12

3. Plaintiff's: (1) motion to vacate a 2011 state court order; (2) motion to call a federal grand jury; (3) motion to declare defendants co-conspirators; (4) request for a criminal complaint to be filed against the defendants; and (5) request for an evidentiary hearing related to his allegations of violations of his rights during his 2008 state criminal and civil cases, **ECF Nos. 24, 33, 35**, are **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and John Hartsoe and **close the file**.

**DATED** this 18th day of January 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER** * 13